PASSAIC COUNTY PROSECUTOR, BURRELL IVES HUM-
PHREYS, PLAINTIFF-RESPONDENT, v. P A S S A I C
COUNTY BOARD OF CHOSEN FREEHOLDERS AND
PASSAIC COUNTY TREASURER, RICHARD DE MARCO,
DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted March 13, 1978—Decided May 2, 1978.

Before Judges ALLCORN, MORGAN and HORN.

*Mr. Martin Verp,* Passaic County Counsel, attorney for appellants (*Mr. James V. Convery,* Assistant County Counsel, on the brief).

*Mr. Burrell Ives Humphreys,* Passaic County Prosecutor, attorney for respondent (*Mr. Gary H. Schlyen,* Assistant Prosecutor, of counsel and on the brief).

*Mr. John J. Degnan,* Attorney General, *amicus curiae* (*Mr. William F. Hyland,* former Attorney General) (*Mr. Richard W. Berg,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

HORN, J. A. D. The issue in this case is whether assistant county prosecutors and county investigators must be residents of the county for which the appointing officer is prosecutor.

The events which brought this issue to us commenced with the refusal of defendants, the county and its treasurer, to pay the salaries of an assistant prosecutor and a county investigator who were duly appointed by plaintiff prosecutor. The sole reason for defendants' refusal to pay the respective salaries was the nonresidence of each of said appointees in Passaic County, for which county plaintiff is prosecutor. As a consequence of defendants' withholding salary payment, plaintiff instituted an action in lieu of prerogative writs against defendants in order to compel payment. This action culminated in a hearing, following which the trial judge entered a judgment, adverse to the position of defendants, directing them to pay the respec-

tive salaries. This judgment precipitated the present appeal.

The parties agree that the controlling statute is *N. J. S. A.* 40A:9-1, which at the time of the trial court's decision read as follows:[1]

> Except in the case of counsel, attorney, engineer, health officer, auditor, comptroller, appointed tax collector, elected assessors who have received tenure under P. L. 1967, c. 44, § 7 (C. 54:1–35:31), appointed tax assessor, or members of boards of assessors or as otherwise provided by law, every person holding an office, the authority and duties of which relate to a county only, or to a municipality only, shall reside within said county or municipality, as the case may be.
>
> Any person holding or attempting to hold any such office in a county or municipality in violation hereof, may be ousted in a proceeding in lieu of prerogative writ.

The resolution of the controversy depends on whether the respective offices of assistant county prosecutor and county investigator are positions "the authority and duties of which relate to a county only."

No question is raised as to the validity and enforceability of residency requirements for governmental employees generally. See *Skolski v. Woodcock,* 149 *N. J. Super.* 340, 344 (App. Div. 1977) ; *Mandelbaum v. Civil Service Dep't,* 142 *N. J. Super.* 323 (App. Div. 1976), app. dism. 74 *N. J.* 257 (1977), and the cases cited respectively therein.

The trial judge found that the appointees in this case did not hold offices

> * * * relating to the county only. The personnel or those engaged in the enforcement of our criminal laws, whether it be the prosecutor himself, those under his control, and specifically as alleged here, the county investigator and/or the assistant prosecutor, act for and as agents of the State in detecting and enforcing our criminal laws, whether it be in or out of the county.

---

[1]Since amended to include county administrators. *L.* 1977, *c.* 125, effective June 13, 1977.

We do not agree with this conclusion and accordingly reverse.[2]

The quoted passage from the judge's oral opinion sounds the theme of plaintiff's argument that the two appointees need not be residents of Passaic County. Thus plaintiff suggests that although *N. J. S. A.* 2A:158–5 may refer to the prosecutor as having "within his county" the powers of the Attorney General, and language in *Morss v. Forbes,* 24 *N. J.* 341 (1957), describes the prosecutor as a "local official," in a larger sense a prosecutor and his aides do not act for the county only when they fulfill their duty to enforce the law. They act, he says, for the State in executing his responsibility to "use all reasonable and lawful diligence for the detection, arrest, indictment and conviction of offenders against the laws." *N. J. S. A.* 2A:158–5. And in doing this he, and therefore they, work closely with other prosecutors and the Attorney General, who maintains a general supervision over county prosecutors for the purpose of promoting effective and uniform enforcement of the criminal laws throughout the State. *N. J. S. A.* 52:17B–103. He asserts that various statutes pertaining to the Department of Law and Public Safety, *N. J. S. A.* 52:17B–1 et seq., which grant power to the Attorney General to supersede or otherwise control the activities of county prosecutors, fortify this contention.

*Morss v. Forbes, supra* at 373, held that "[t]he prosecutor is primarily a local official." *Cooper v. Imbriani,* 63 *N. J.* 535 (1973), dealt with the question of whether county detectives of a county which had not adopted the Civil Service Act, *N. J. S. A.* 11:19–1 *et seq.,* were entitled to tenure under *N. J. S. A.* 38:16–1 *et seq.,* because they were honorarily

---

[2]No testimony was taken at the hearing before the judge. The prosecutor's affidavit supporting the complaint on which an order to show cause was directed to defendants merely verifies his appointments of the assistant prosecutor and county investigator. It is conceded by plaintiff that both appointees are and were nonresidents of Passaic County.

discharged from military service of the United States. In holding that they were so entitled to tenure, the court in its opinion observed:

We find no merit in plaintiffs' further contention that they are not county employees, but rather are in State service and are under State Civil Service protection by virtue of their being employed in the office of a county prosecutor which is considered a State office. This contention is also self-defeating for the reasons stated above.

In *Cashen v. Spann,* 125 *N. J. Super.* 386 (App. Div. 1973), aff'd as mod. 66 *N. J.* 541 (1975), *cert.* den. 423 *U. S.* 829, 96 *S. Ct.* 48, 46 *L. Ed.* 2d 46 (1975), our Supreme Court, in determining that prosecutorial immunity was not absolute, noted that:

\* \* \* [I]n the context of this case, the prosecutor and the [county] detectives are to be considered as agents of the State and not the county. \* \* \* *We wish to make it clear, however, that our resolution of this issue, is limited to the factual circumstances here presented.* We find it appropriate to regard the defendant officials as State agents where the alleged tortious conduct arose out of the investigation of criminal activity, but we express no opinion on the question of whether the prosecutor or his detectives can be considered State or county employees for other purposes. *See Cooper v. Imbriani, [supra].* [66 *N. J.* at 552; emphasis supplied]

More recently, in *Dunne v. Fireman's Fund. Am. Ins. Co.,* 69 *N. J.* 244 (1976), Justice Schreiber, in the light of the foregoing holdings and also *In re Application of Bigley,* 55 *N. J.* 53 (1969), and *In re Application of Schragger,* 58 *N. J.* 274 (1971), appropriately stated that county prosecutors' detectives possess a "hybrid" status and

Recognition of county control over county detectives and of existence of an employer-employee relationship is not novel. In *Cooper v. Imbriani, supra,* we expressly rejected the contention that they were not county employees, at least for the purpose of determining whether they were in the classified service. *Id.,* 63 *N. J.* at 537 n. 1. [69 *N. J.* at 247]

We find plaintiff's arguments to be unpersuasive, notwithstanding the tangential references to the functions of county

detectives as acting for the State in the performance of certain duties. None of the cited cases reaches the issue posed in this appeal. Moreover, none of the arguments of plaintiff satisfactorily explains why the authority and duties of assistant county prosecutors and county investigators do not relate to a county only. The mere fact that their duties and responsibilities as aides to the prosecutor are concerned with the enforcement of statutory enactments is not a sound reason. Those duties are confined, except in rare instances, to their respective counties. They are not, like state police, an arm of the Attorney General in enforcing criminal laws without regard to county lines. They are more like municipal policemen, in the sense that they are also concerned with enforcing state laws within the confines of their respective municipalities. Before the enactment of legislation exempting policemen from the requirement of being residents in their respective municipalities in which they served, *N. J. S. A.* 40A:14–122.1, it was held that they were obliged to be residents in their respective municipalities in accordance with *N. J. S. A.* 40:11–1, which was subsequently superseded by *N. J. S. A.* 40A:9–1. *Mercadante v. Paterson,* 111 *N. J. Super.* 35 (Ch. Div. 1970), aff'd o. b., 58 *N. J* 112 (1971).

Even acknowledging, as we do, that the prosecutor is a constitutional state officer who needs not be a resident of the county which he serves (*N. J. Const.* (1947), Art. VII, § II, par. 1; *Cooper v. Imbriani, supra,* 63 *N. J.* at 537, n. 1), nevertheless his duties, insofar as detecting, indicting and convicting law breakers, paralleling those of the Attorney General in scope, are confined to his own county. *N. J. S. A.* 2A:158–5; *State v. Winne,* 12 *N. J.* 152, 153, 171 (1953); *Morss v. Forbes, supra,* 24 *N. J.* at 373. It does not follow that, because he is not required to be a resident of the county, his staff, including these appointees, need not be residents. Their status depends on the intention of the Legislature as indicated by its enactments.

Indeed, the dominant and pervading thesis of the statutes and cases pertaining to county prosecutors and their staffs is that their authority and duties are local, *i. e.*, confined to their respective counties. *N. J. S. A.* 2A:158–5; *Cooper v. Imbriani, supra; State v. Josephs,* 79 *N. J. Super.* 411 (App. Div. 1963).

*Godfrey v. McGann,* 37 *N. J.* 28 (1962), helps us to elucidate the problem in the case at bar. In that case the court was required to determine whether the State or county was liable to parties, beneficial owners of moneys deposited with a county probation department, for deficiencies in the collected funds resulting from defalcations by a county probation department official. It absolved the State and its treasurer from any liability. In doing so it analyzed the various functions of county probation departments as either state or county. It also categorized the officers and employees of such departments as being in state or county service and, accordingly, "as county or state agents." It concluded, as we do:

\* \* \* Therefore, the label attached to individuals is of no help in solving the present issue. Hence, this case cannot turn upon whether officers and employees of the Probation Department are "state" or "county" agents. The issue framed is whether the Legislature intended the State or the county to be chargeable with the losses caused by embezzlements of such agents. [37 *N. J.* at 36]

So, here, the issue is whether the Legislature intended county assistant prosecutors and county investigators to be residents of the county served by them. And although whether these appointees are state or county agents in a proper subject of inquiry, the answer to that inquiry does not resolve the issue, for even a state agent may be invested with authority and duties which relate to a county only. See *Baldwin Constr. Co. v. Essex Cty. Bd. of Tax.,* 27 *N. J. Super.* 240, 242 (App. Div. 1953), rearg. den. 28 *N. J. Super.* 110 (App. Div. 1953), aff'd 16 *N. J.* 329 (1954).

The position of county investigator was created by the County Detectives and County Investigators Act, *N. J.*

*S. A.* 2A:157–1 *et seq.* See *Rolleri v. Lordi,* 146 *N. J. Super.* 297 (App. Div. 1977). Although the duties of county detectives and of county investigators are precisely the same (*cf. N. J. S. A.* 2A:157–2 and 2A:157–10; *Rolleri v. Lordi, supra* at 306), "[t]he clear legislative purpose and plan in providing for investigators was to '[afford] to the county prosecutor a confidential investigating staff serving at his pleasure and removable at his will notwithstanding the terms of any earlier tenure enactments.' *Brennan v. Byrne,* 31 *N. J.* 333, 336 (1960)." *Rolleri, supra* at 306.

■ County detectives, who are classified employees under the Civil Service Act and whose duties, as stated, are the same as those of county investigators, must be residents of the county in which they serve, by virtue of the express terms of the Civil Service Act, *N. J. S. A.* 11:22–7.[3] *Skolski v. Woodcock, supra.* The intent of the Legislature in imposing the residency requirement on county detectives is a clear indication that it considered the residency requirement to be applicable to county investigators, for we perceive no plausible reason why county detectives should be subject to the residency requirement and county investigators, performing precisely the same functions, should not. The difference between said detectives and investigators is not in their functions. It is only in the discretion accorded by the Legislature to the respective prosecutors in their selection of the investigators. *Rolleri v. Lordi, supra,* 146 *N. J. Super.* at 306. Such discretionary power does not touch upon the "authority and duties" (*N. J. S. A.* 40A:9–1) of county investigators.

Since we assess the residency requirement of *N. J. S. A.* 40A:9–1 by the functions of the office and not by the degree of confidentiality or whether the position is in the classified or unclassified service under the Civil Service

---

[3] Of course, assuming the particular county has adopted the Civil Service Act. See *Cooper v. Imbriani, supra,* 63 *N. J.* at 537.

Act, the legislative intent clearly comes through so as to include county investigators in the residency requirements of the statute.

We agree with defendants that the duties of an assistant county prosecutor, a county investigator and a county detective possess a common characteristic, in that they assist the prosecutor in detection, apprehension, arrest and conviction of offenders. See *N. J. S. A.* 2A:158-5 & 7; *Cetrulo v. Byrne*, 55 *N. J. Super.* 199 (Law Div. 1959), aff'd 31 *N. J.* 320 (1960). We perceive no such fundamental difference between their respective duties as should impel a hold-ing different from our determination as to the residency requirements of county investigators.

Plaintiff has not argued that assistant prosecutors are expressly excepted from the requirements of *N. J. S. A.* 40A:9-1, as "counsel" and "attorney." Nevertheless, we have given this concept our attention and are satisfied that the "counsel" and "attorney" intended to be free of the residency requirement are county counsel (*N. J. S. A.* 40A:9-43) and municipal attorneys, who are sometimes referred to as municipal solicitors. Assistant prosecuting attorneys in common parlance are not usually officially referred to as "counsel" or "attorney." In addition, *N. J. S. A.* 40A:9-1 generally excludes the enumerated appointees of counties or municipalities, not appointees of prosecutors.

We are aware of the concern of plaintiff, who as prosecutor must have a "dominant" position *(State v. Winne, supra)* in the enforcement of the criminal laws, to select his own staff and thus insure the trustworthiness of those who are appointed. But here again we do not believe that the enforcement of what we conceive to be the mandate of *N. J. S. A.* 40A:9-1 impedes the ability to obtain such personnel to any degree. If the person he selects resides out of the county, he or she should move into the county where his or her work is to be performed. We need not enumerate the reasons which justify the policy of requiring residency of employees. They have been stated in *Abrahams*

*v. Civil Service Comm'n,* 65 *N. J.* 61, 72 (1974); *Kennedy v. Newark,* 29 *N. J.* 178, 184 (1959), and *Skolski v. Woodcock, supra,* 149 *N. J. Super.* at 345. Had the Legislature intended to free such appointees from that requirement it could have done so by an appropriate enactment, as has been done in the case of policemen, *N. J. S. A.* 40A:14–122.1, and firemen, *N. J. S. A.* 40A:14–9.1. *Trainor v. Newark,* 145 *N. J. Super.* 466 (App. Div. 1976), certif. den. 74 *N. J.* 255 (1977).

Accordingly, we hold that the appointees in question, an assistant prosecutor and a county investigator, were required to be residents of Passaic County. The judgment entered in the trial court is therefore reversed.

